# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARMELLA I. BRIDGES, )<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　)<br>　　　　　　　　　　　　　)<br>MO-KAN IRON WORKERS )<br>PENSION FUND, et al., 　　)<br>　　　　　　　　　　　　　)<br>　　　　　Defendants. 　　　)<br>_____ ) | Case No. 13-2167-JAR-JPO |

## NOTICE AND ORDER TO SHOW CAUSE

TO PLAINTIFF CARMELLA I. BRIDGES:

Carmella I. Bridges, proceeding *pro se* and *in forma pauperis*, filed this action against Defendants MO-KAN Iron Workers Pension Fund ("MO-KAN Fund") and the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("International Association"). Plaintiff's Complaint was subsequently amended by interlineations to add Iron Workers Local Union No. 10 ("Local #10") as an additional Defendant. This matter is before the Court on Defendants' Motions to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim (Docs. 9, 13).

Plaintiff is the widow of former MO-KAN Fund participant and retiree Charles Bridges. Plaintiff does not affirmatively assert a specific legal theory for recovery against Defendants. Her Complaint states,

> Plaintiff was married to Charles Bridges [previous] to his retirement. Union talked Mr. Bridges into filing single when he was married because he would receive more money single which is a discrimination to a spouse. Mr. Bridges filed income tax as joint filing, yet the Pension Fund will not take that as proof. Mr. Bridges made out as husband and wife since March of 97. The marriage law of Ks. is if you file taxes and admit you are husband and wife you are

married.

As her requested relief, Plaintiff states, "I want the spousal pension from MO-KAN Iron Workers Pension Fund that I rightfully should have go years ago." For damages, Plaintiff demands,

> Actual damages of $84,600 for non-payment, 15 yrs $200,000 for mental anguish and degradation by ones [sic] peers. $600,000 punitive damages to replace the wanton disregard of the MOKAN [sic] Iron Workers Pension Fund and the Int. Iron Workers Union so they do no discriminate against ones [sic] spouse ever again in their pension retirements [sic] funds.

Defendant MO-KAN Fund moves to dismiss Plaintiff's Complaint on two grounds: 1) Plaintiff fails to allege any instance of the MO-KAN Fund administering benefits contrary to Charles Bridges' benefit election as a single person; and 2) because Plaintiff's Complaint purports to establish jurisdiction based upon diversity of citizenship, it must assume that she alleges state common law grounds for relief that are completely preempted by the Employee Retirement Income Security Act ("ERISA"). Defendants International Association and Local #10 assert three grounds for dismissal: 1) the Complaint does not assert direct claims against the International Association and Local #10; 2) the Complaint does not assert claims against the International Association on an agency theory regarding Plaintiff's only potential claims against other Defendants; and 3) in any event, ERISA does not allow for punitive and emotional damages.

In her responses and objection to Defendants' motions, Plaintiff does not contest or address these grounds for dismissal. Instead, Plaintiff asserts that her basis for recovery is discrimination on the part of Defendants through their actions depriving her of "spousal rights . . . constitutional rights and civil rights as to the fourteenth amendment to the U.S. Constitution

and . . . civil rights as to the 1964 Civil Rights Act."[1] Thus, it appears that Plaintiff has abandoned any state law or ERISA claims she might have asserted in her Complaint and wishes to proceed on theories of liability based on 42 U.S.C. § 1983 and Title VII. As Defendants note, however, these claims were not referenced in her Complaint.

Because Plaintiff proceeds *in forma pauperis*, the Court may dismiss her Complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under the color of state law."[3] Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face."[4] Although a complaint filed by a *pro se* party proceeding *in forma pauperis* must be given a liberal construction,[5] even under this standard, a court need not accept as true those allegations that are conclusory in nature.[6] A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."[7] Plaintiff has not alleged facts from which one could plausibly

---

[1] *See* Docs. 19, 21, 25.

[2] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (stating *Twombly* expounded the pleading standard for all civil actions); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (stating and applying *Twombly* standard for dismissing a complaint for stating no claim for relief).

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *Erickson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

find the Defendants acted "under color of state law" for the purpose of stating an actionable claim under § 1983.

Title VII makes it unlawful for any employer to discriminate against its employees on the basis of race, color, national origin, or religion or to retaliate against a person for filing a charge of discrimination.[8] Before a person can file a discrimination or retaliation lawsuit against an employer under Title VII, the person must exhaust the administrative remedies.[9] To exhaust administrative remedies, the person must file a charge of discrimination with either the EEOC or an authorized local agency and receive a right to sue letter based on that charge.[10] Plaintiff has not alleged that she was an employee of Defendants or that she exhausted her administrative remedies.

Plaintiff has clarified that she does not pursue any claims against Defendant under common law state law or ERISA; Defendants' grounds for dismissal are uncontested and appear to have merit.[11] However, the Court must look to the Tenth Circuit's rule that "dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[12] While Fed. R. Civ. P. 15(a)(2) instructs that leave should be given "freely . . . when justice so

---

[8]42 U.S.C. § 2000e-2 to 3.

[9]*Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

[10]*Rader v. U.S.D. 259 Wichita Pub. Sch.*, No. 10-4118-KHV, 2011 WL 6934267, at *3 (D. Kan. Dec. 30, 2011).

[11]*See* § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) ("a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights of future benefits under the terms of the plan"); § 502(d)(2), 29 U.S.C. § 1132(d)(2) (stating that benefits denial claims can only be brought against the "plan" and that such claims expressly "shall not be enforceable against any other person).

[12]*Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010) (internal quotation marks and citations omitted).

4

requires," a court may refuse leave "if the amendment would be futile."[13] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[14] As explained above, it appears that any amendment to Plaintiff's Complaint to raise claims under § 1983 or Title VII would not likely state a plausible claim. Accordingly, the Court hereby orders Plaintiff to show cause, in a pleading filed with the Court on or before **June 28, 2013**, why Plaintiff's lawsuit should not be dismissed for failure to state a claim under Rule 12(b)(6), and because any amendment to state a claim under § 1983 or Title VII would be futile.

**IT IS SO ORDERED.**

Dated: June 7, 2013

                                       S/ Julie A. Robinson

                                       JULIE A. ROBINSON

                                       UNITED STATES DISTRICT JUDGE

---

[13]*U.S. ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[14]*Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).