**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CARMELLA I. BRIDGES,          )
                    **Plaintiff,**    )
                            )
vs.                       )         **Case No. 13-2167-JAR-JPO**
                            )
MO-KAN IRON WORKERS    )
PENSION FUND, et al.,       )
                            )
                **Defendants.**    )
_____ )

## <u>MEMORANDUM AND ORDER</u>

Carmella I. Bridges, proceeding *pro se* and *in forma pauperis*, filed this action against

Defendants MO-KAN Iron Workers Pension Fund ("MO-KAN Fund") and the International

Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO

("International Association"). Plaintiff's Complaint was subsequently amended by

interlineations to add Iron Workers Local Union No. 10 ("Local #10") as an additional

Defendant.

Plaintiff is the widow of former MO-KAN Fund participant and retiree Charles Bridges.

Plaintiff does not affirmatively assert a specific legal theory for recovery against Defendants.

Her Complaint states,

> Plaintiff was married to Charles Bridges [previous] to his retirement.
> Union talked Mr. Bridges into filing single when he was married
> because he would receive more money single which is a
> discrimination to a spouse. Mr. Bridges filed income tax as joint
> filing, yet the Pension Fund will not take that as proof. Mr. Bridges
> made out as husband and wife since March of 97. The marriage law
> of Ks. is if you file taxes and admit you are husband and wife you are
> married.

As her requested relief, Plaintiff states, "I want the spousal pension from MO-KAN Iron

Workers Pension Fund that I rightfully should have go years ago." For damages, Plaintiff demands,

> Actual damages of $84,600 for non-payment, 15 yrs $200,000 for mental anguish and degradation by ones [sic] peers. $600,000 punitive damages to replace the wanton disregard of the MOKAN [sic] Iron Workers Pension Fund and the Int. Iron Workers Union so they do no discriminate against ones [sic] spouse ever again in their pension retirements [sic] funds.

After reviewing Defendants' Motions to Dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim (Docs. 9, 13, 15) and screening Plaintiff's Complaint as required by 28 U.S.C. § 1915A, the Court issued a detailed Order to Show Cause (Doc. 26) why the Complaint should not be dismissed for the reasons stated in that Order, including abandonment of any state law or ERISA claims, failure to state a claim upon which relief can be granted based on 42 U.S.C. § 1983 and Title VII, and because any amendment to state a claim under either theory of liability would be futile.

Plaintiff filed a timely response to the Court's Order (Doc. 29), but does not adequately address these crucial issues. Plaintiff also moves for appointment of counsel (Doc. 25) and recusal (Doc. 30). The Court denies both requests.

First, there is no constitutional right to appointment of counsel in a civil case.[1] However, "under 28 U.S.C. § 1915(e)(1), a district court has discretion to request counsel to represent an

---

[1] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases," and declining to recognize right in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case).

indigent party in a civil case."[2]  The decision whether to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that justice requires appointment of counsel.[3]  In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.[4]  The court also considers the efforts made by the litigant to retain his own counsel.[5]  Here, the Court does not find it appropriate to appoint counsel for Plaintiff.  Because Plaintiff proceeds *pro se*, the Court will assume that she lacks the financial ability to afford an attorney.  Plaintiff fails, however, to show that she has made any effort to retain an attorney on her own or that she has meritorious claims.  Further, the factual and legal issues in this case are not extraordinarily complex.  This is not a case where justice requires appointment of counsel.

Nor does Plaintiff's request for recusal have merit.  In her motion, Plaintiff contends that the undersigned judge should recuse from this case because Plaintiff "feels her actions are with prejudice and with undue favoritism to defendants."  There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455.[6]  For recusal under § 144, the moving party must submit an

---

[2]*Commodity Futures Trading Comm'n v. Brockbank,* 316 F. App'x. 707, 712 (10th Cir.2008) (upholding denial of defendant's motions for counsel).

[3]*Castner,* 979 F.2d at 1420.

[4]*Long v. Shillinger,* 927 F.2d 525, 527 (10th Cir. 1991); *see also Joe Hand Prods., Inc. v. Tribelhorn,* No. 11–2041, 2011 WL 2516700, at *1 (D. Kan. June 23, 2011) (applying the *Long* Factors to a defendant's request for appointment of counsel).

[5]*Sommerville v. Republic Cnty. Hosp.,* No. 10–4119, 2010 WL 5172995, at *1 (D. Kan. Dec. 14, 2010).

[6]*Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005).

affidavit showing bias and prejudice.[7]  The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasion, and circumstances."[8]  These facts will be accepted as true, but they must be more than rumors, beliefs, and opinions.[9]  Here, Plaintiff has not filed an affidavit.  Without an affidavit showing bias and prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff cannot support a recusal under 28 U.S.C. § 144.

For recusal under 28 U.S.C. § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."[10]  Unlike § 144 recusal, the allegations made under § 455 recusal are not necessarily accepted as true.[11]  The judge's subjective state of mind is immaterial.[12]  "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."[13]  The decision whether to recuse from a case is committed to the sound discretion of the court.[14]  But if the decision is a close one, the judge should recuse.[15]

Plaintiff's allegations are unfounded.  Recusal is required only if a reasonable person

---

[7]*Id.* (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).

[8]*Id.* (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)); *Buck v. Brackett*, 181 F. App'x 712, 716 (10th Cir. 2006) (citations omitted).

[9]*Burleson*, 123 F. App'x at 960.

[10]*Id.* (citation omitted).

[11]*Id.* (citation omitted).

[12]*United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

[13]*Bryce v. Episcopal Church of Colo.*, 289 F. 3d 648, 659 (10th Cir. 2002).

[14]*See Weatherhead v. Globe Int'l, Inc.*, 832 F.2d 1226, 1227 (10th Cir. 1987).

[15]*Bryce*, 289 F.3d at 659.

would believe that the undersigned has displayed such "deep-seated favoritism or antagonism that would make fair judgment impossible."[16]  Although Plaintiff's motion is silent regarding the basis of her allegations, the only action this Court has taken that was adverse to Plaintiff was issuing the Order to Show Cause.  The Court finds that no reasonable person would believe that the undersigned's issuance of that Order implicates the level of "deep-seated favoritism or antagonism" that would make recusal proper in this case.  Indeed, by issuing the Order outlining the deficiencies in Plaintiff's Complaint as well as her response to Defendants' motions to dismiss, the Court gave Plaintiff the opportunity to amend or correct her Complaint to state a plausible claim before dismissing her case.  Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality.  Accordingly, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel (Doc. 25) and Motion to Recuse (Doc. 30) are DENIED;

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss Plaintiff's Complaint (Docs. 9, 13, 15) are GRANTED.

**IT IS SO ORDERED.**

Dated: June 27, 2013

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[16]*Liteky v. United States*, 510 U.S. 540, 555 (1994).